# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Norwalk Furniture Corporation

    Debtor(s)

JUDGE RICHARD L. SPEER

Case No. 08-35222

## DECISION AND ORDER

This cause is before the Court after a Hearing on the Trustee's Objection to the Motion of Donald Bealer, Creditor, for Payment of Administrative Expenses or, Alternatively, for the Allowance of Priority Claim. (Doc. No. 176 & 177). At the conclusion of the Hearing, the Court took the matter under advisement so as to afford the opportunity to thoroughly review the legal issues raised by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Trustee's Objection should be Sustained.

## DISCUSSION

Mr. Donald Bealer performed prepetition professional services for the Debtor, Norwalk Furniture Corporation. For his work, Mr. Bealer claims that he is owed $5,742.27 for his fees and expenses. In his Objection before the Court, the Trustee, Louis Yoppolo, did not contest Mr. Bealer's entitlement to make a claim against the Debtor's estate for his services. Rather, the Trustee's Objection centers on Mr. Bealer's position that his claim is entitled to be paid from the estate as an administrative expense under 11 U.S.C. § 503 or, in the alternative, that his claim is entitled to priority treatment under 11 U.S.C. § 507.

Section 503 of the Bankruptcy Code allows for the payment of administrative expenses. Under § 507(b)(2), administrative expenses allowed under § 503 are afforded priority status. In a

In re: Norwalk Furniture Corporation
Case No. 08-35222

case, such as this, proceeding under Chapter 7 of the Bankruptcy Code, a claim with priority status is afforded the right to receive a distribution of estate assets ahead of the debtor's general body of unsecured creditors. 11 U.S.C. § 726.

Generally, an administrative expense may be defined as a cost incurred by the bankruptcy estate after the commencement of the bankruptcy case. To determine if a claim arose after the commencement of the case, the Sixth Circuit Court of Appeals explained, "that a claimant must prove that the debt (1) arose from a transaction with the debtor-in-possession as opposed to the preceeding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987).

Section 503(b) contains nine enumerated paragraphs, specifying the types of claims that are deemed to be allowable administrative expenses. The party requesting an administrative expense bears the burden of proving that its expense falls within one the allowable categories. *In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992). Also, so as to maximize the funds available for distribution to a debtor's general body of unsecured creditors, the administrative expense provision of § 503 is narrowly construed. *In re Key Auto Liquidation Center, Inc.*, 384 B.R. 599, (Bankr. N.D. Fla. 2008).

In this matter, Mr. Bealer cited to § 503(b)(1)(A) as the basis for his claim of an administrative expense. This provision provides, in relevant part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–
>
> > (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

Page 2

**In re: Norwalk Furniture Corporation**
**Case No. 08-35222**

Upon review of his brief filed with the Court, and based upon his arguments made at the Hearing, Mr. Bealer's basis for the allowance of a claim under this provision is predicated on this underlying fact: his professional service accorded a tangible benefit to the Norwalk Furniture Corporation – namely that he saved the company $250,000.00. (Doc. No. 176).

Insofar as it concerns the matters presently before it, the Court does not question that Mr. Bealer's services conferred upon the Norwalk Furniture Corporation a substantial economic benefit. But, this fact alone does not entitle Mr. Bealer to an administrative expense claim. By its express terms, a creditor is only entitled to an administrative expense under § 503(b)(1)(A) if their services helped to "preserve" the bankruptcy estate.

Pursuant to § 541(a), however, the bankruptcy estate only comes into existence when a case is commenced. A case is commenced by the filing of a bankruptcy petition with the Court. 11 U.S.C. §§ 301-303. Consequently, Mr. Bealer's services, having been performed prior to the filing of a petition in bankruptcy by Norwalk Furniture, could not have accorded a direct benefit upon the Debtor's estate as, by definition, no bankruptcy estate existed.

The Supreme Court of the United States, including in the case of *Lamie v. United States Trustee*, as cited by Mr. Bealer, has repeatedly stressed that "when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004), citing *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). As a result, the Court must apply § 503(b)(1)(A) as written and deny Mr. Bealer an administrative expense against the bankruptcy estate of the Debtor, Norwalk Furniture.

While Mr. Bealer perceives this as producing an inequitable result, this is not the intent of § 503. Almost always, when a party seeks bankruptcy relief there are insufficient financial resources

Page 3

In re: Norwalk Furniture Corporation
Case No. 08-35222

to pay all prepetition creditors in full. The intent of allowing administrative expense is to maximize, to the extent possible, returns to a debtor's prepetition creditors.

To this end, administrative expenses are accorded priority distribution status to encourage parties to provide goods and services to the estate, and to compensate those who expend new resources attempting to rehabilitate the estate. *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984). Without this incentive, the trustee would be hampered in his effort to recover and preserve estate assets because parties would be unlikely to perform services for the estate if they would only receive in return a general unsecured claim. The conceptual justification for the allowance of a priority administrative claim has, thus, been described as requiring that creditors pay for those expenses necessary to produce a distribution to which they are entitled. *Matter of H.L.S. Energy Co., Inc.*, 151 F.3d 434, 437 (5th Cir. 1998).

In addition to seeking the allowance of an administrative expense, Mr. Bealer also sought through his Motion an order from the Court that his claim was entitled to priority status under § 507. This provision sets forth 10 categories of claims that are entitled to be paid ahead of a debtor's general body of unsecured creditors. These categories of priority claims reflect the Congressional determination that, while equality of distribution is a major goal of the Bankruptcy Code, certain categories of claims deserve to be paid over other claims.

In this matter, Mr. Bealer claims priority status pursuant to the second category of priority claims as set forth in § 507(a)(2). This provision provides, in pertinent part:

> (a) The following expenses and claims have priority in the following order:
>
> .
>
> > (2) Second, administrative expenses allowed under section 503(b) of this title, . . . .

Page 4

**In re: Norwalk Furniture Corporation**
**Case No. 08-35222**

This provision serves to implement the Congressional intent that administrative expenses receive priority distribution. Put differently, without this provision, the allowance of an administrative expense would confer no tangible economic benefit on a creditor. At the same time, this facet of 507(a)(2) shows the inherent weakness of Mr. Bealer's position.

A claim can only receive priority distribution under § 507(a)(2) if it was allowed, in the first instance, as an administrative expense under § 503(b). But, for those reasons already explained, Mr. Bealer's claim cannot be afforded administrative status under § 503(b). Accordingly, § 507(a)(2) cannot serve as an independent basis to provide Mr. Bealer's claim priority status. To hold otherwise would bootstrap an administrative claim to the level of a priority claim without the claimant having first made a showing that the claim is entitled to administrative status.

A couple of final points. First, the Court could not discern any other category of priority claims under which his claim would qualify. For example, Mr. Bealer's claim does not qualify as a tax or domestic obligation, two of the more prominent priority claims under § 507. Second, contrary to Mr. Bealer's protestations, the Trustee's reliance on the case of *In re Hackney*, 351 B.R. 179 (Bankr. N.D.Ala. 2006), as persuasive authority, is proper. In *In re Hackney*, the Court, like in this case, found that where prepetition services were performed, the creditor was not entitled to receive administrative expense treatment even though its services could be viewed as having placed the prepetition debtor, and thus later the estate, in a better financial position.

In conclusion, the Court finds that Mr. Bealer is not entitled to an administrative claim under § 503, or a priority claim under § 507, for the prepetition services he performed for the Debtor, Norwalk Furniture Corporation. However, as it has not been disputed that Mr. Bealer performed prepetition services for the Debtor, totaling $5,742.27 in value, Mr. Bealer shall be allowed a general unsecured claim against the Debtor's estate in that amount.

Page 5

**In re: Norwalk Furniture Corporation**
**Case No. 08-35222**

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Motion of Mr. Bealer for Allowance of Administrative Expense Claim and/or Priority Treatment of Claim, be, and is hereby, SUSTAINED.

***IT IS FURTHER ORDERED*** that Mr. Bealer shall be allowed, as provided in 11 U.S.C. §§ 501 and 502, a general unsecured claim in the amount of $5,742.27.

Dated: April 22, 2009

                                             _____
                                             Richard L. Speer
                                             United States
                                             Bankruptcy Judge

Page 6

CC:  Donald A. Bealer
     Bealer Consulting
     29 Blue Grass Road
     Clementon, NJ 08021

     Jean Robertson, Esq.
     Calfee, Halter & Griswold LLC
     1400 KeyBank Center
     800 Superior Avenue
     Cleveland, OH 44114

     Louis J Yoppolo, Esq.
     1200 Edison Plaza
     300 Madison Ave
     Toledo, OH 43604-1556

Copies of the Order were mailed to the foregoing parties this 22nd day of April, 2009.

A copy of the Order was also sent by fax to Donald Bealer at (856) 784-9097 this 22nd day of April, 2009.

Jean Robertson, Attorney for Debtor
    Also served electronically at jrobertson@calfee.com

Louis J. Yoppolo, Trustee
    Also served electronically at yoppolo-tr@snhslaw.com

                                               /s/ Susan M. McCune
                                           Deputy Clerk, U.S. Bankruptcy Court